People v Wellington (2018 NY Slip Op 00957)





People v Wellington


2018 NY Slip Op 00957


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


9 KA 15-00571

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COURTNEY WELLINGTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 15, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) arising from an incident in which he brutally attacked the mother of his child with a hammer in the City of Rochester. Defendant was sentenced, in accordance with the plea bargain, to an aggregate determinate term of 18 years of imprisonment and 5 years of postrelease supervision. Preliminarily, we agree with defendant that his waiver of the right to appeal does not encompass his challenge to the severity of his bargained-for sentence (see People v Gruzca, 145 AD3d 1505, 1506 [4th Dept 2016]; see generally People v Maracle, 19 NY3d 925, 927-928 [2012]). We see no reason, however, to reduce defendant's sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]). As defendant admitted during the plea colloquy, he struck the mother of his child in the head multiple times with a hammer, intending to kill her. The mitigating factors that defendant proffers in his brief are unexceptional, and they are more than fully accounted for by the agreed-upon, midrange sentence imposed by Supreme Court.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court